UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-23941-CV-GAYLES

REGINALD D. HICKS,

    Plaintiff,

v.

AVIANCA INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Avianca's Motion to Dismiss Plaintiff's Complaint (the "Motion"). [ECF No. 5]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion shall be granted.

### BACKGROUND[1]

On March 2, 2022, Plaintiff purchased two round-trip business class tickets on Defendant Avianca Inc.'s airline for travel from Miami, Florida to Rio De Janeiro, Brazil. [ECF No. 1-1 ¶ 6]. Plaintiff was traveling with his minor son and booked adjoining seats for each leg of the flights. *Id.* ¶ 7. Plaintiff and his son are African American. *Id.* ¶ 8.

On one leg of their return flight, from Bogota, Columbia to Miami, Florida, Plaintiff and his son were forced to fly coach despite having confirmed business class seats. *Id.* ¶ 10. There were no African American passengers in business class. *Id.* Plaintiff was not offered a refund and was required to pay additional fees for luggage. *Id.* ¶¶ 9, 11. Plaintiff contends that sitting in coach class seats aggravated pre-existing injuries to his knees and back. *Id.* ¶ 15, 16 On another leg of

---

[1] Because the Court is proceeding on a motion to dismiss, it takes the facts as alleged in the Complaint as true.

the flight, Plaintiff and his son were not offered refreshments until all other passengers were served and Plaintiff personally requested service. *Id.* ¶ 14. Plaintiff and his son were the only African American passengers in business class on that leg of the flight. *Id.*

On October 6, 2022, Plaintiff filed this action against Defendant in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. [ECF No. 1-1]. The Complaint does not specifically designate a cause of action. Plaintiff alleges that Defendant "owed to the Plaintiff a duty of reasonable care and obligation to provide services that the Plaintiff not only paid to experience, but confirmed and had a reasonable expectation to receive, which was not provided" and that the "acts of breach and blatant neglect on the parts of the Defendant were the proximate cause of the aggravation of physical injuries sustained by the Plaintiff" *Id.* ¶ 13, 15. Plaintiff's alleged damages include medical expenses, financial loss, humiliation, and mental anguish. *Id.* ¶ 16.

On December 2, 2022, Defendant removed the action to this Court based on original jurisdiction. Specifically, Defendant alleges that Plaintiff's claims are exclusively governed by the Convention for the Unification of Certain Rules for International Carriage by Air concluded at Montreal, Canada, on May 28, 1999 (the "Montreal Convention"). [ECF No. 1]. Defendant now moves to dismiss the Complaint arguing that (1) the Montreal Convention preempts Plaintiff's claims and (2) any amendment to include claims under the Montreal Convention would be futile. [ECF No. 5].[2]

---

[2] Plaintiff's response to the Motion generally fails to address Defendant's arguments. Moreover, Plaintiff did not timely file the response. However, for purposes of this Order, the Court accepts the filing as timely.

**STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

**DISCUSSION**

**I.      Shotgun Pleading**

Although not discussed in the Motion, the Complaint is a shotgun pleading. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is

3

brought against," *id.* at 1323. Shotgun pleadings "fail to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests . . . [and] waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (internal quotations and citations omitted).

Here, the Complaint fails to identify any particular cause of action or claim for relief. By failing to do so, the Court cannot discern whether Plaintiff alleges two distinct causes of action. Based on the allegations, Plaintiff appears to assert claims for breach of contract and negligence. But, because Plaintiff does not assert any specific causes of action, the Court cannot determine whether Plaintiff has stated any claims upon which relief can be granted. For this reason alone, the Complaint must be dismissed.

## II.   Preemption Under the Montreal Convention

While the Complaint is subject to dismissal as a shotgun pleading, the Court also addresses Defendant's argument that Plaintiff's claims are preempted by the Montreal Convention. The Montreal Convention is a treaty that governs international travel and limits liability for carriers.[3] Accordingly, "when the Montreal Convention applies, it provides the exclusive means for passengers to seek damages." *Pettaway v. Miami Air Int'l*, 624 F. Supp. 3d 1268, 1276 (M.D. Fla. 2002). Specifically, the Montreal Convention provides:

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits as are set out in this

---

[3] The Montreal Convention entered into force on November 4, 2003. It superseded the Warsaw Convention, another international treaty which originated in 1929 "to aid and assist the then-fledgling commercial airline industry" and create "uniform rules for claims that arise out of incidents that occur during international air transportation. *Marotte v. Am. Airlines, Inc.*, 296 F.3d 1255, 1258-59 (11th Cir. 2022). When interpreting the Montreal Convention, courts may rely on authority interpreting the Warsaw Convention where provisions of both conventions are substantially similar. *Jacob v. Korean Air Lines Co.*, 606 F. App'x 478, 482 n.2 (11th Cir. 2015).

> Convention without prejudice as to who are the persons who have the right to bring suit and what are their respective rights.

Montreal Convention, art. 29. Accordingly, "the Montreal Convention preempts state law claims falling within its scope." *Hedetniemi v. American Airlines, Inc.*, No. 18-CV- 21822, 2018 WL 7824483, at * 2 (S.D. Fla. Nov. 7, 2018). If a plaintiff's claim "falls within the treaty's ambit, the treaty provides the sole cause of action for redress." *Id. See also Ugaz v. American Airlines*, 576 F. Supp. 2d 1354, 1360 (S.D. Fla. 2008) ("For all air transportation to which the Montreal Convention applies, if an action for damages falls within one [of] the treaty's damage provisions, then the treaty provides the sole cause of action under which a claimant may seek redress for his injuries.").

The Montreal Convention applies to "all international carriage of persons, baggage, or cargo performed by an aircraft for reward." Montreal Convention, art. 1. Here, Plaintiff's alleged injuries occurred on board an international flight. Therefore, the Montreal Convention governs whether Plaintiff can maintain a claim against Defendant for his alleged injuries.[4]

As set forth in Article 29, "*any action for damages*" relating to the carriage of passengers must be brought under one of the Montreal Convention's damages provisions. Montreal Convention, art. 29 (emphasis added). Plaintiff's claims—whether those claims are for breach of contract or negligence—have not been brought in accordance with the conditions of the Montreal Convention. Accordingly, Plaintiff's state law claims are preempted by the Montreal Convention and shall be dismissed. *See Hedetniemi v. American Airlines, Inc.*, No. 18-CV- 21822, 2018 WL 7824483 (S.D. Fla. 2018) (finding plaintiff's state law negligence claims preempted under the Montreal Convention); *Pettaway*, 624 F. Supp. 3d at 1282 ("The Eleventh Circuit and district

---

[4] The United States, Brazil, and Columbia are all signatories to the Montreal Convention. *See* https://www.icao.int/secretariat/legal/list of parties/mtl99_en.pdf.

courts thereunder have enforced the Montreal Convention's preemptive effect by dismissing a plaintiff's state law claims.").

## III. Futility of Amendment

Defendant also argues that, based on the facts as currently alleged, any amendment of the Complaint to state a claim under the Montreal Convention would be futile. Article 17—governing accidents on board an aircraft that cause injuries to passengers—provides that a carrier, like Defendant, is only liable for damage sustained when "the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention, art. 17. "An Article 17 claim thus has three elements: (1) an accident; (2) that caused death or bodily injury; (3) that took place on the plane or in the course of any of the operations of embarking or disembarking." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1172 (11th Cir. 2014). Although the Court agrees that, under the currently pled facts, it is unlikely that Plaintiff could maintain a claim under the Montreal Convention, it declines to make that determination based on a hypothetical amended complaint.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Avianca's Motion to Dismiss Plaintiff's Complaint, [ECF No. 5], is **GRANTED**.

2. Plaintiff's state law claims are **DISMISSED with prejudice.**

3. This action is **CLOSED**, and all pending motions are denied as moot.

4.  If Plaintiff wishes to amend his Complaint to state a claim under the Montreal Convention, he must request leave to file an amended complaint in a properly filed motion before the Court within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE